The decision below is hereby signed.  Dated: July
11, 2005.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
GREATER SOUTHEAST COMMUNITY    )   Case No. 02-02250
HOSPITAL CORP. I, *et al.*,    )   (Chapter 11)
                               )
            Debtors.           )
_____)
                               )
SAM J. ALBERTS, TRUSTEE FOR    )
THE DCHC LIQUIDATING TRUST,    )
                               )
            Plaintiff,         )
                               )
      v.                       )   Adversary Proceeding No.
                               )   04-10093
HUMANA HEALTH PLAN, INC.,      )
                               )
            Defendant.         )

DECISION RE EFFECT OF ASSUMPTION
OF EXECUTORY CONTRACT ON PLAINTIFF'S CLAIMS

     The confirmed plan in this case conferred on the reorganized
debtors the assumption power of a trustee under the Bankruptcy
Code, and conferred on a liquidating trust the avoidance powers
available to a trustee under the Bankruptcy Code.  This decision
holds that the reorganized debtors' assumption of executory
contracts bars the liquidating trust's pursuit of avoidance
actions regarding payments made under those executory contracts.

I

The plaintiff, Sam J. Alberts, is Trustee for the DCHC
Liquidating Trust established by the debtors' confirmed plan in
the jointly administered bankruptcy cases in which this adversary
proceeding was brought.[1]  With exceptions of no relevance here,
the confirmed plan authorized Alberts to pursue avoidance and
recovery actions under chapter 5 of the Bankruptcy Code (11
U.S.C.) that the debtors, as debtors in possession, could have
pursued.  Those avoidance and recovery powers are exercisable by
a trustee appointed in a chapter 11 case.  11 U.S.C. §§ 323 and
1106(a)(1).  In turn, 11 U.S.C. § 1107(a), with exceptions of no
relevance here, vests a debtor in possession with the rights and
powers of a trustee, but subject to the same limitations that
would apply to a trustee.

Pursuant to 11 U.S.C. §§ 544, 547, 548, 549, and 550,
Alberts seeks to avoid and recover $607,936.23 in payments made
to the defendant, Humana Health Plan, Inc.[2]  Humana contends that

---

[1]  The court confirmed the debtors' Second Amended Joint
Chapter 11 Plan of Reorganization ("the plan") with modifications
set forth in the confirmation order, and as thus modified the
plan is referred to herein as the "confirmed plan."

[2]  In Alberts v. Humana Insurance Company, Adversary
Proceeding No. 04-10131, which has been consolidated with this
adversary proceeding, Alberts seeks similar relief regarding
$65,5764.08 in payments made to the defendant Humana Insurance
Company.  This decision applies to both adversary proceedings.
For ease of discussion, the court will refer to the two
defendants as simply "Humana" and treat them as though they were
one and the same.

the contracts under which these payments were made were executory
contracts, a contention Alberts has not yet conceded is accurate.
However, for purposes of the declaratory judgment issue this
decision addresses, the court will assume (without deciding) that
the contracts are executory contracts.

In addition to avoidance powers, a trustee (and hence a
debtor in possession) has a power to assume executory contracts
under 11 U.S.C. § 365(b)(1).  In confirming the plan, the court
approved a recapitalization proposal calling for the reorganized
debtors to operate most of the businesses the debtors had
operated (instead of approving any of the competing proposals
calling for different entities to operate the businesses).  The
confirmed plan set forth provisions regarding the assumption and
rejection by the reorganized debtors of the estate's executory
contracts.  Humana argues that under the confirmed plan, the
executory contracts pursuant to which the payments at issue here
were made have been deemed assumed, and that under In re Superior
Toy & Mfg. Co., Inc., 78 F.3d 1169, 1174 (7th Cir. 1996), no
avoidance claim can now be brought because exercise of a
bankruptcy trustee's assumption power as to an executory contract
precludes exercise of avoidance powers regarding payments that
were made under the contract.

However, the confirmed plan under which the contracts were
deemed assumed made the assumption of the contracts a conditional

3

assumption.   Although the executory contracts were deemed

assumed, the plan provided a mechanism by which the reorganized

debtors could escape such assumption if the cure amounts required

to be paid by virtue of the deemed acceptance proved

unacceptable.   The plan as originally proposed contained a

provision pursuant to which Humana's executory contracts were

deemed assumed, but subject to the right of the recapitalization

proponents to decline to assume the contracts if the cure amounts

required were unacceptable.[3]   The plan also set forth deadlines

---

[3]      Section 8.1(b) of the plan, prior to being modified by
the confirmation order, provided in relevant part:

> The proponents of the Recapitalization Proposal shall
> identify by sixteen (16) days prior to the Confirmation
> Hearing those executory contracts . . . they do not
> wish to be assumed and retained for the benefit of the
> Reorganized Debtors, and the identity of such executory
> contracts . . . shall be included in the Plan
> Supplement. . . . Any executory contract . . . not so
> identified [which included Humana's executory contracts
> which were not so identified] **will be deemed assumed
> and retained by the appropriate Reorganized Debtor(s) .
> . . . Notwithstanding the foregoing, the proponents of
> the Recapitalization Proposal . . . shall retain the
> right to decline to assume any executory contract . . .
> for which the cure amount is not fixed in an amount
> acceptable to the proponents**, either by agreement or a
> determination of the Bankruptcy Court.   The Debtors
> understand that the proponents of the Recapitalization
> Proposal intend to assume provider agreements with
> Medicare, Medicaid and any similar state or federal
> programs and to assume third-party payor agreements.
> [Emphasis added.]

for curing defaults under any assumed executory contract.[4]  The

order confirming the plan slightly modified the plan by making

the Humana executory contracts deemed assumed by the reorganized

---

[4]   Section 8.2 of the plan provided in relevant part:

The Reorganized Debtors . . . shall pay within the
later of (i) 90 days after the Effective Date and (ii)
the date of entry of a final Order resolving any
disputed cure amount, any costs to cure defaults on
executory contracts . . . to be assumed in accordance
with Section 8.1(b) above. . . .

The confirmation order at page 6, paragraph 2(i)(ii), amended §
8.3 of the plan to add language regarding the submission of
claims for cure amounts (and reiterating the retained right to
decline to assume).  That language stated:

If a party to an executory contract . . . does not
receive within 60 days after the Effective Date a
notice that such executory contract . . . has been
rejected by a Debtor, the executory contract . . .
shall be deemed assumed by the Reorganized Debtors as
of the Effective Date (subject, however, to the
provisions of § 8.1(b) of the Plan regarding the
Reorganized Debtors' right to decline to assume) and
the party shall have 120 days from the Effective Date
to file with the Bankruptcy Court and serve upon the
Reorganized Debtors and the Liquidating Trustee for any
cure amount such party alleges is owed under such
executory contract . . . .

The confirmation order repeated this, with slight wording
differences of no relevance, at pages 35-36, paragraph 30.

debtors *as of the effective date of the plan*,[5] and by providing

that the *reorganized debtors* (and not only the recapitalization

proponents) could decline to assume the executory contracts if

the cure amounts were unacceptable, with the executory contract

to be "deemed rejected" upon the reorganized debtors so declining

---

[5]  In pertinent part, the order provided at page 10:

     5.  <u>Assumption and Rejection</u>.  Notwithstanding
Section 8(a) [*sic*] of the Plan, on the Effective Date,
any executory contracts . . . not previously rejected,
or assumed in accordance with the Recapitalization
Proposal, shall be deemed assumed by the Reorganized
Debtors as of the Effective Date, subject to the
remainder of this paragraph 5 of the Order.  Any
executory contract . . . identified in the Plan
Supplement as being "not assumed" will be deemed
rejected as of the Effective Date; any other executory
contract . . . will be deemed assumed and retained by
the appropriate Reorganized Debtor(s) or other
entit(ies).  Notwithstanding the foregoing, (a) the
proponents of the Recapitalization Proposal shall
retain the right to decline to assume any executory
contract . . . for which the cure amount is not fixed
in an amount acceptable to the proponents, either by
agreement or a determination by the Bankruptcy Court .
. . .

The reference to "other entit(ies)" was directed to entities
taking over the debtors' businesses under any proposal other than
the Recapitalization Proposal approved by the court as is made
evident by the reference in § 8.2 of the plan to "[t]he
Reorganized Debtors or the applicable entit(ies) pursuant to an
Alternative Court-Approved Proposal" being required to pay cure
amounts.

to assume.[6]  Accordingly, upon entry of the order confirming the plan, each of Humana's executory contracts became deemed assumed as of the effective date but subject to the retained right of rejection if the recapitalization proponents, or the reorganized debtors they were backing, found the required cure amount unacceptable.[7]

The reorganized debtors have not yet agreed with Humana to acceptable cure amounts.  At this juncture, therefore, the proceeding is in a no-man's land where the executory contracts are neither definitively assumed nor definitively rejected.

Eventually there will be a resolution of whether the reorganized debtors will keep the deemed assumption of the executory contracts in place or will back out of the assumption

---

[6]  The confirmation order at pages 11-12, paragraph 6, allowed the Reorganized Debtors and the courterparty to any executory contract to agree on a specific mechanism for resolving disputes of cure amounts, and set forth a procedure for fixing cure amounts in the absence of such agreement.  It further provided:

> Notwithstanding the foregoing, the Reorganized Debtors shall retain the right to decline to assume any executory contract . . . for which the cure cost is not fixed in an amount acceptable to the Reorganized Debtors either by agreement or determination by the Bankruptcy Court, and upon so declining to assume, the executory contract . . . shall be deemed rejected.

[7]  For ease of discussion, the balance of this decision will treat the retained right of rejection as belonging to the reorganized debtors, as the analysis is unaffected by the plan's conferring the same retained right of rejection on the recapitalization proponents.

of the executory contracts by declaring the cure amounts
unacceptable.  However, their decision will turn in part on
whether Alberts can avoid and recover the payments at issue if
the executory contracts remain assumed.  Such payments recovered
by Alberts would give rise to a default in payment of those
amounts under the executory contracts.  That would in turn give
rise to an additional amount owed as an administrative claim and
required to be paid by the reorganized debtors to cure defaults
incident to the assumption of the executory contracts.

The parties thus have agreed that Alberts' complaint should
be treated as amended to request a declaratory judgment regarding
Alberts' claim that if the contracts were executory contracts and
if the reorganized debtors forego their retained right to back
out of the "deemed assumption" of the executory contracts, such
that they are definitively assumed under the terms of the
confirmed plan, then his avoidance claims regarding payments that
were made under the executory contracts may nevertheless be
pursued.  The court will enter a declaratory judgment against
Alberts on that claim.

I

Alberts argues that nothing in the Bankruptcy Code bars his
avoidance and recovery of payments made pursuant to an executory
contract assumed by a reorganized debtor:

Neither section 547 nor section 365 of the Bankruptcy
Code makes any reference to each other, or more

8

> specifically, that assumption under section 365 of the
> Bankruptcy Code provides a defense to an action
> prosecuted under section 547 of the Bankruptcy Code.

Alberts' Opposition to Motion to Dismiss at 8 [footnote omitted].

However, the operation of these statutes makes clear that they

are mutually exclusive remedies.  Superior Toy, 78 F.3d at 1174

("Section 547 and § 365 are mutually exclusive avenues for a

trustee.").  Once a trustee (or a debtor-in-possession exercising

the powers of a trustee) obtains an order assuming an executory

contract, the trustee's avoidance powers may not be brought to

bear.

This follows because assumption of an executory contract

carries with it all of the benefits and burdens of the contract.

NLRB v. Bildisco and Bildisco, 465 U.S. 513, 531 (1984), citing

In re Italian Cook Oil Corp., 190 F.2d 994, 996 (3d Cir. 1953).

Under § 365(b)(1), a debtor is required to cure all defaults (or

give adequate assurance that the trustee will promptly cure such

defaults) as a condition to assuming the contract.  Treating

payments made under such an assumed contract as subject to a

trustee's avoidance powers would be inconsistent with having

accepted the burdens of the assumed contract, and the obligation

fully to perform under the contract.  Because a trustee's

assumption of an executory contract gives the other party to the

contract the right to the full benefit of his bargain, pursuit of

avoidance actions to recover payments that were made in

compliance with that bargain would plainly be at odds with the

assumption order.  Superior Toy, 78 F.3d at 1174 ("Congress

passed § 365 to insure that a contracting party is made whole

before a court can force the party to continue performing with a

bankrupt debtor.  Permitting a preference suit after an

assumption order would undermine that purpose.").[8]   That the

Bankruptcy Code does not expressly state this proposition is of

no consequence.  The power to avoid payments that were made under

_____

        [8]   See also Kimmelman v. Port Authority of N.Y. & N.J. (In
re Kiwi Int'l Air Lines, Inc.), 344 F.3d 311, 319 (3d Cir. 2003)
("the trustee's preference actions against each of the defendants
was precluded, as a matter of law, by the debtor's earlier
assumption of its agreements with them"); Alvarado v. Walsh (In
re LCO Enters.), 12 F.3d 938, 943 (9th Cir. 1993) ("The Trustee
seeks to avoid payments that it was obligated to make pursuant to
the court-approved assumption of the lease through confirmation
of the plan.  The Trustee cannot use § 547(b) to circumvent the
requirements of § 365(b)."); Seidle v. GATX Leasing Corp., 778
F.2d 659, 664 (11th Cir. 1985) (order under 11 U.S.C. § 1110
which requires trustee to meet all previous contractual
obligations to mortgagee in order to retain possession of
airplane--a provision similar to § 365(b)(1)--bars § 547 claims
against mortgagee because their pursuit "would undermine the
protection that section 1110 provides for creditors"); Philip
Servs. Corp. v. Luntz (In re Philip Servs. (Delaware), Inc.), 284
B.R. 541, 553 (Bankr. D. Del. 2002), aff'd, 303 B.R. 574 (D. Del.
2003); MMR Holding Corp. v. C & C Consultants, Inc. (In re MMR
Holding Corp.), 203 B.R. 605, 613 (Bankr. M.D. La. 1996) ("[T]he
act of assumption precludes the application of § 547(b)(5), as
this provision requires the hypothetical undoing of a prepetition
transfer which has been ordered 'done' (and thereby not subject
to undoing, either hypothetically or in reality) by means of the
court's order of assumption."); Virtual Network Servs. Corp. v.
Brook Furniture (In re Virtual Network Servs. Corp.), 97 B.R. 433
(Bankr. N.D. Ill. 1989) ("If VNS could recover its pre-petition
payments under a preference theory, that would put it right back
in default under the leases, precluding their assumption under
Section 365(b)(1)(A).").

an executory contract and the power to assume the executory

contract are plainly mutually exclusive remedies without the

necessity of such an express statement.

II

Alberts seeks to distinguish <u>Superior Toy</u> and similar

decisions by arguing that the Trust he is administering did not

assume any of the executory contracts at issue and thus has no

cure obligations which would inherently conflict with his

avoiding and recovering payments made prior to assumption.

Alberts' rights, however, are derived from the powers a trustee

under chapter 11 of the Bankruptcy Code would have had and can

rise no higher.  Because a trustee would be barred by the

assumption of the executory contracts from pursuing avoidance

actions regarding payments that were made under those same

contracts, Alberts' avoidance claims will be barred by assumption

as well.  The assumption here--pursuant to the assumption powers

of a trustee under § 365--is being achieved by way of a confirmed

plan that is binding on all creditors and on Alberts as trustee

of the liquidating trust established under the plan for their

benefit.  11 U.S.C. § 1141(a).  Once the debtors in possession

exercised the trustee power of assumption by obtaining a

confirmed plan providing for deemed assumption, the debtors in

possession relinquished any right to have avoidance powers

brought to bear regarding the payments made under those

11

contracts.[9]  Alberts succeeded only to whatever avoidance powers
the debtors in possession had, and to the extent those powers
were relinquished, he cannot bring those powers to bear.

Although the plan's mechanism provided for the deemed
assumed executory contracts to be definitively assumed based on
future decisions of the reorganized debtors regarding the
acceptability of cure amounts required for assumption, that does
not alter the assumption as having been incident to the power to
assume executory contracts that a trustee in a chapter 11 case
could have exercised.  Once any definitive assumption is viewed
(which it properly must be) as flowing from an exercise of that
power of a trustee, the rationale of <u>Superior Toy</u> and similar
decisions apply: a trustee's assumption power and his avoidance
powers are mutually exclusive avenues.

That the reorganized debtors, on the one hand, are
effectively exercising the trustee's assumption power (by
allowing the "deemed assumption" the debtors in possession
obtained under the confirmed plan to remain in place) and that
Alberts, on the other hand, is attempting to exercise the
trustee's avoidance powers does not alter the outcome.  Alberts,
as the successor to the trustee's avoidance powers, suffers

---

[9]  That would not remain true if the reorganized debtors
were to elect to back out of such deemed assumption based on the
cure amounts being unacceptable, but the court is declaring the
parties' rights that will exist if the reorganized debtors forego
backing out of the deemed assumption.

whatever infirmities arise from exercise of the trustee's
assumption power even though the confirmed plan vests the power
to keep the "deemed assumed" character of Humana's executory
contracts in place in someone other than Alberts, namely, in the
reorganized debtors.  See LCO Enterprises, 12 F.3d at 940 (lease
was assumed under confirmed plan and then a trustee was appointed
to pursue preferential payments; trustee was bound by the
assumption).

III

    Alberts contends (in an argument made at oral argument) that
under 11 U.S.C. § 365(d)(2), "the trustee may assume or reject an
executory contract . . . at any time before the confirmation of
the plan,"  and that the assumption of these executory contracts
did not occur at the time of confirmation for two reasons.
First, the executory contracts were deemed assumed only as of the
effective date of the plan.  Second, the continued effectiveness
of that deemed assumption depends on a post-confirmation event,
namely, the reorganized debtors' electing not to exercise their
retained right to reject the executory contracts if the cure
amounts should prove to be unacceptable to them.  Accordingly, he
argues that the assumption by the reorganized debtors will not be
a § 365(b)(1) assumption but instead an assumption by way of
contract.

13

A.

Alberts' argument ignores 11 U.S.C. § 1123(b)(2) under which a plan may "subject to section 365 of this title, provide for the assumption, rejection, or assignment of any executory contract . . . of the debtor not previously rejected under such section." By providing that a trustee *may* assume an executory contract prior to confirmation of a plan, § 365(d)(2) does not mandate assumption only that way: assumption may also be made by way of a confirmed plan as provided by § 1123(b)(2). See F.R. Bankr. P. 6006(a) (referring to a proceeding to assume "other than as part of a plan"). Cf. 11 U.S.C. § 1322(b)(7) (plan in chapter 13 case may provide for assumption of executory contract). As explained in Stumpf v. McGee (In re O'Connor), 258 F.3d 392, 400 (5th Cir. 2001):

> In a Chapter 11 case, the trustee may assume or reject an executory contract at any time before plan-confirmation, 11 U.S.C. § 365(d)(2), or, subject to § 365, the plan may provide for the assumption or rejection of any executory contract not previously rejected. 11 U.S.C. § 1123(b)(2). The requisite bankruptcy court approval for assumption or rejection must appear either in an order or as part of the plan-confirmation. 11 U.S.C. § 365(a).

Alberts' interpretation of § 365(d)(2), in contrast, would render § 1123(b)(2) a nullity.

B.

Moreover, the plan plainly used the term "assumption" in the Bankruptcy Code sense of assumption under 11 U.S.C. § 365(b)(1),

14

as is made evident by the plan's use of the term "cure" which is
found in § 365(b)(1).  If some contractual form of assumption
were intended instead, the plan would have spelled out what that
concept entails instead of leaving the consequences of assumption
to the Bankruptcy Code.

C.

The confirmed plan states that executory contracts such as
Humana's are "deemed assumed" as of the effective date subject to
the reorganized debtors' retained right of rejection.  That
conditional assumption was approved upon confirmation, and was a
provision "for the assumption [or] rejection . . . of any
executory contract" within the meaning of § 1123(b)(2).  The
Bankruptcy Code permits questions of assumption or rejection
under a plan to be determined after confirmation of a plan
calling for such post-confirmation determination.  <u>See</u> <u>In re</u>
<u>Gunter Hotel Assocs.</u>, 96 B.R. 696, 699-700 (Bankr. W.D. Tex.
1988).  <u>See also</u> <u>TMS Assocs. v. Kroh Bros. Dev. Co. (In re Kroh</u>
<u>Bros. Dev. Co.)</u>, 100 B.R. 480, 486-87 (W.D. Mo. 1989).

In <u>O'Connor</u>, 285 F.3d at 401, the confirmed plan provided
that certain specified executory contracts "are hereby rejected,"
and provided that other executory contracts "will be assumed."
The bankruptcy court had construed the "will be assumed" language
as not constituting an assumption of those executory contracts,
and the court of appeals deferred to this interpretation of the

15

plan.  In contrast, here the plan explicitly deemed the executory
contracts at issue assumed (subject to a retained right of
rejection if cure amounts proved unacceptable) and set forth
provisions for fixing the cure amounts, and deadlines for paying
the same.  Not only that, the confirmation order expressly
approved this conditional assumption of the executory contracts
at issue.

Nothing in O'Connor disapproves of the holdings in Gunter
Hotel and Kroh Brothers.  Were the rule otherwise, the parties to
a reorganization case would be deprived of a flexible mechanism
whereby confirmation of a plan would not be delayed by the
necessity of first clearing up uncertainties regarding whether
assumption cure amounts might prove unacceptably high.    Under
§ 1141(a), the order confirming the plan made its terms binding
on creditors and on Alberts as trustee of the liquidating trust
established for their benefit.  That binding effect includes the
mechanism the plan established for such "deemed assumed"
executory contracts to become permanently assumed or for such
"deemed assumption" to be undone.  The reorganized debtors are
allowed to treat the executory contracts as assumed, meaning
assumed under § 365(b)(1), but they may elect to declare the
contracts rejected based on unacceptable cure amounts.  Creditors
(and Alberts who is acting on their behalf as trustee of the
trust established for their benefit) cannot now complain if the

16

reorganized debtors elect to treat the contracts as assumed (and

not to reject them based on finding the cure amounts

unacceptable).

D.

In <u>O'Connor</u>, 258 F.3d at 401, the court of appeals, in

concluding that there had been no assumption of the executory

contract at issue, relied in *dicta* upon an alternative ground,

stating:

> an executory contract may *not* be assumed either by
> implication or through the use of boilerplate plan
> language. *See In re Swallen's, Inc.*, 210 B.R. 120, 122
> (Bankr. S.D. Ohio 1997) (because assumption of
> executory contract requires court apporval, executory
> contract "can only be expressly assumed"); *In re Cole*,
> 189 B.R. 40, 46-47 (Bankr. S.D.N.Y. 1995) (boilerplate
> plan language purporting to assume all executory
> contracts not expressly rejected prior to confirmation
> ineffective to assume leases because it would allow
> circumvention of § 365's requirement of judicial
> approval); *In re Parkwood Realty Corp.*, 157 B.R. 687,
> 689, 690-91 (Bankr. W.D. Wash. 1993) (catch-all plan
> boilerplate language stating all other executory
> contracts not previously rejected shall be deemed
> rejected was insufficient to reject contract).

The plan here expressly assumed the executory contracts at issue,

and did not assume them by implication.  Moreover, Alberts has

not contended that the plan used ineffectual boilerplate

language.  By explicitly deeming the executory contracts at issue

assumed (subject to a retained right of rejection if cure amounts

proved unacceptable) and setting forth provisions for fixing the

cure amounts, and deadlines for paying the same, the confirmed

plan here can hardly be said to have employed "boilerplate

17

language" (whatever that term means).  The three decisions cited
by O'Connor do not alter this analysis.

   Swallen's did not even involve a confirmed plan and dealt
with the proposition that assumption cannot be implied from
conduct of the trustee or debtor in possession.

   Cole involved plan language which provided for deemed
assumption of *executory contracts* but not *leases* and the issue
was whether a *lease* had been assumed.  Moreover, the court in
Cole found the plan language to be contradictory because it
additionally stated that executory contracts were "unaffected by
the Chapter 11 case" and reserved the right in the debtors to
move to assume or reject up until confirmation.  The plan here
contains no contradictory language.

   Finally, Parkwood Realty turned on due process concerns, and
only secondarily questioned the effectiveness of a plan provision
deeming executory contracts rejected.  The other party to the
executory contract had no notice of the plan, and had been listed
on neither the debtor's schedule of executory contracts nor its
schedules of creditors.  Here, Humana was well aware of the case,
and the language of the plan was clear and unambiguous, and was
intended to reach Humana's executory contracts with the debtors.
See Charter Asset Corp. v. Victory Markets, Inc. (In re Victory
Markets, Inc.), 221 B.R. 298, 303 (9th Cir. B.A.P. 1998) (plan
expressly stated that "[a]ll unexpired leases of each of the

Debtors not previously assumed and assigned are hereby

specifically rejected," and this language was clear and

unambiguous).  Indeed, the plan here specifically mentioned the

debtors' understanding "that the proponents of the

Recapitalization Proposal intend to assume . . . third-party

payor agreements," Plan § 8.1(c), and Alberts has not disputed

Humana's representation that its agreements with the debtors were

third-party payor agreements.

     Moreover, Humana has not complained that it received

inadequate notice of the deadline to file a claim for cure

amounts to which it is entitled by reason of the deemed

acceptance.  This serves to distinguish <u>Parkwood Realty</u>.  <u>See</u>

<u>Victory Markets</u>, 221 B.R. at 304-305 (holding that <u>Parkwood</u>

<u>Realty</u>, even if its *dicta* regarding boilerplate plan provisions

were correct, has no applicability when the other party to the

executory contract supports the assumption or rejection the

debtor is attempting to uphold pursuant to such provisions).

                              IV

     Alberts next argues that in preference avoidance litigation

under § 547, the hypothetical liquidation described in §

547(b)(5) must be determined as of the date of the filing of the

petition, with postpetition events being irrelevant.  See Neuger
v. United States (In re Tenna Corp.), 801 F.2d 819, 823 (6th Cir.
1986).[10]  Thus, he contends, Superior Toy (and decisions of the
same ilk cited above in footnote 8) were erroneously decided
because the assumption of the executory contracts or leases in
those decisions occurred postpetition.

                                A.

     However, those decisions can be upheld as not depending on a
§ 547(b)(5) analysis.  Instead, at the core they depend on the
conclusion that the assumption power and the avoidance powers
available to a trustee under the Bankruptcy Code are mutually
exclusive remedies.  Once the assumption power is exercised
(either by an order entered before confirmation or by the
procedures of a confirmed plan which is binding on creditors and
successors to the trustee's avoidance powers under § 1141(a)),
pursuit of a trustee's § 547 preference avoidance power is barred
as inconsistent with such assumption.  That renders irrelevant
what would have happened in a hypothetical § 547(b)(5)
liquidation on the petition date.

_____

          [10]  See also Palmer Clay Products Co. v. Brown, 297 U.S.
227, 229 (1936) (effect of preferential payment is tested as of
the petition date, not as of the date of payment); Gosch v. Burns
(In re Finn), 909 F.2d 903, 905 (6th Cir. 1990); Still v.
Rossville Bank (In re Chattanooga Wholesale Antiques, Inc.), 930
F.2d 458 (6th Cir. 1991); Abramson v. St. Regis Paper Co. (In re
Abramson), 715 F.2d 934, 939 n.9 (5th Cir. 1983); Phoenix
Restaurant Group, Inc. v. Denny's Corp. (In re Phoenix Restaurant
Group, Inc.), 2005 WL 114327 (Bankr. M.D. Tenn. 2005).

B.

Indeed, even in the Sixth Circuit at least one court, has
not viewed <u>Tenna Corp.</u>, 801 F.2d at 823, as preventing dismissal
of a preference action when there has been an assumption of the
executory contract pursuant to which the payments sought to be
avoided were made.  In <u>Phoenix Restaurant</u>, 2005 WL 114327 at *10-
13, the court reasoned that *res judicata* required such dismissal.
The doctrine of *res judicata* applies as well here, as Alberts, as
successor to the avoidance powers of the debtors in possession,
is bound by privity to the consequences of the deemed assumption
under the confirmed plan of the Humana executory contracts: that
assumption has been made pursuant to the powers of the same
debtors in possession to assume executory contracts.

However, it is inappropriate to strait-jacket a court to a
mechanical application of principles of *res judicata* in analyzing
this issue.  A consideration of the nature of the two remedies of
assumption and preference avoidance readily leads to the
conclusion that the Bankruptcy Code contains a built-in
preclusion principle: it plainly contemplates that assumption of
an executory contract and preference avoidance regarding payments
under the same executory contract are mutually exclusive avenues
of relief.

21

C.

Moreover, once an executory contract is assumed pursuant to a trustee's power of assumption, then as between the trustee and the other party, the executory contract is necessarily assumed for all purposes in the case.   In LCO Enterprises, the Ninth Circuit held that a trustee, seeking to avoid prepetition lease payments could not construct a hypothetical § 547(b)(5) analysis based on a hypothetical rejected lease when, in actual fact, the lease had been assumed.   "The Trustee cannot use § 547(b)(5) to circumvent the requirements of § 365(b)."   LCO Enterprises, 12 F.3d at 943.   If an assumed lease or executory contract must be thus treated as hypothetically assumed by the hypothetical chapter 7 trustee in a hypothetical liquidation under § 547(b)(5), necessarily the other party receives full payment of all amounts due as a condition to assumption in such a hypothetical liquidation, even if there are insufficient assets to pay other claims (including the administrative claims of the hypothetical chapter 7 liquidation) in full.   Thus, by virtue of the prepetition payments, the other party has not received more than it would had there been no such payments and there had been such a hypothetical liquidation under § 547(b)(5).   See LCO Enterprises, 12 F.3d at 944 ("Because the lease was assumed, Lincoln's position was not improved by the prepetition payments within the meaning of § 547(b)(5).").   Accordingly, no preference

22

exists in this case.

Nothing in <u>Tenna Corp.</u> bars consideration of the
postpetition assumption of an executory contract in deciding
whether the prepetition payments on that executory contract may
be recovered as preferences.  In <u>Tenna Corp.</u>, the chapter 7
trustee sought to recover payments to the IRS as preferences,
arguing that insufficient assets existed in the chapter 7 case to
pay all creditors of the IRS's rank of priority in full.
However, the case had lingered in chapter 11 for more than eight
months before it was converted to chapter 7.  Section 547(b)(5)
requires the court to assume that the case was one under chapter
7.  The court of appeals held that any deterioration in the
estate's financial condition that arose during the chapter 11
case, thereby preventing enough assets to be on hand to pay
creditors of the IRS's rank of priority in full in the ensuing
chapter 7 case, ought not be taken into account in conducting the
§ 547(b)(5) hypothetical liquidation in a hypothetical chapter 7
case.

Here, in contrast, the court is merely holding that the
assumption of Humana's executory contracts pursuant to a
trustee's assumption powers has binding effects on the preference
avoidance powers of a trustee pursued against Humana.
Necessarily, Humana's executory contracts must be treated as
assumed, not rejected, in applying the § 547(b)(5) analysis

regarding the payments to Humana.[11]

D.

In any event, it is evident that the rights of a party to an executory contract assumed by a trustee, and any rights of a trustee to avoid payments under that executory contract grow out of the same transaction, and thus would give rise to a dollar for dollar recoupment defense to any attempt to avoid and recover payments under the same contract.  Philip Servs., 284 B.R. at 553; MMR Holding Corp., 203 B.R. at 613 ("[T]he estate cannot simultaneously become administratively obligated for all amounts due under an assumed contract (both pre- and post-petition) and recover for the estate payments made pursuant to the contract."). As the two trustee powers derive from the same source, the powers the debtors in possession had under the confirmed plans, there would be the necessary privity for Humana to raise a recoupment defense in this avoidance action.

_____

[11]  Chatanooga Wholesale is similarly not a basis for disregarding the effects of an assumption order on a trustee's preference avoidance powers.  In Chatanooga Wholesale, 930 F.2d at 460 and 465, the court treated a creditor as unsecured in conducting a § 547(b)(5) analysis even though a confirmed plan had listed the bank as a secured creditor with a security interest in the debtor's inventory entitled to receive payments under the plan as such.  However, the confirmed plan did not purport to address whether prepetition payments to the creditor were to be treated as made on account of a secured claim. Moreover, after the case had been converted to chapter 7, the bank's security interest was avoided as unperfected by a separate judgment.  Id. at 461.  So at the time of the preference action, any effect of the confirmed plan regarding the bank's secured status had already been undone.

V

Alberts finally points to the confirmed plan's having

provided that Alberts would not be allowed to pursue certain

specified avoidance claims, but that the avoidance claims against

Humana were not among those specified claims.   However, the

express exclusion of the pursuit of certain avoidance claims does

not negate the effect that assumption of the executory contracts

with Humana will have of barring pursuit of avoidance claims

against Humana.

VI

An order follows.

[Signed above.]

Copies to:

Office of the United States Trustee; all counsel of record; and:

Patrick Collins
Farrell Fritz, P.C.
EAB Plaza
Uniondale, NY 11556

Andrew M. Troop
Weil, Gotshal & Manges LLP
100 Federal Street
Boston, MA 02110

Peter D. Isakoff
Weil, Gotshal & Manges LLP
1501 K Street, N.W., Suite 100
Washington, DC 20005

Deryck A. Palmer
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

25